## Case No. 10,964a.

PENTLARGE v. NEW YORK B. & B. CO.

[5 Ban. & A. 594.] 1

Circuit Court, S. D. New York. Aug., 1880.

PATENT—PRELIMINARY INJUNCTION—IMPROVE-
MENT IN BUNGS.

[This was a bill in equity by Rafael Pent-
large against the New York Bung & Bush-
ing Company.]

In this case a motion for a preliminary in-
junction was denied.

P. Stevenson, for complainant.

Wyllys Hodges, for defendant.

BLATCHFORD, Circuit Judge. If the
first claim of the plaintiff's reissue embodies
anything more than a bung with the hole and
the solid portion opposite to the hole, the de-
fendant has not infringed it. In making a
bung with a hole in it, and a solid portion
opposite to the hole, the defendant has made
only what is described and shown in the
English patent to Taylor. The defendant
sells its bung as it is. I do not see that the
fact that the hole in the defendant's bung is
cylindrical, while that in the Taylor is flar-
ing, causes the defendant's article to be like
the plaintiff's, and not like Taylor's. The
second claim of the plaintiff's reissue is not
involved on this motion. The motion for an
injunction is denied.

[NOTE. In this case a decree was subse-
quently entered dismissing the bill. 20 Fed.
314. For other cases involving this same pat-
ent, see Cases Nos. 10,963, 10,964, and 10,962;
1 Fed. 862; 19 Fed. 817.]

## Case No. 10,965.

PENTLARGE v. PENTLARGE.

[Quoted in U. S. Bung Manuf'g Co. v. Inde-
pendent Bung & B. Co., 31 Fed. 78. Nowhere
reported; opinion not now accessible.]

## Case No. 10,965a.

PENTLARGE v. PENTLARGE.

[14 Reporter, 579.] 2

Circuit Court, E. D. New York. July 25, 1882.

PATENTS—PRELIMINARY INJUNCTION—THREATS.

In a suit for the infringement of a patent the
court will not grant a motion for a preliminary
injunction to restrain the defendant from threat-
ening to bring suits upon his patent before it is
adjudged invalid, and the injunction will not be
granted where the court has held the defend-
ant's patent invalid, but the adjudication has
been set aside upon an agreement of compromise
between the parties.

1 [Reported by Hubert A. Banning, Esq., and
Henry Arden, Esq., and here reprinted by per-
mission.]

2 [Reprinted by permission.]

On motion for a preliminary injunction.

BENEDICT, District Judge. In so far as
the object of this action is to set aside the
agreement of compromise made between the
parties November 22, 1880, upon the ground
of duress, manifestly upon a motion like the
present for a preliminary injunction the ju-
risdiction of the court to entertain the ac-
tion, all the parties thereto being citizens of
this state, cannot be assumed, although the
subject-matter of such agreement be the
rights of the parties in and by virtue of cer-
tain letters patent. For the purposes of the
present motion the bill can be treated only
as a bill filed by virtue of section 4918, Rev.
St., for the purpose of having the defend-
ant's patent reissue No. 9,733 declared void
as interfering with the plaintiff's patent re-
issue No. 5,937. In such an action it has
been decided by Judge Blatchford, in this
circuit, that the court is not authorized to
restrain the defendant from bringing suits
on his patent before his patent is adjudged
to be invalid. Asbestos Felting Co. v. Unit-
ed States & F. S. Felting Co. [Case No. 570].
The present application comes within the
principle of that decision. If in such action
the defendant cannot before final decree be
restrained from bringing suits upon his pat-
ent, neither can he be restrained from pro-
claiming the validity of his patent and threat-
ening with suits all who infringe it. Says
Judge Blatchford in the case referred to:
"The granting of the patent confers the right
to bring suits thereon for infringement."
The right to bring suits against infringement
involves the right to threaten such persons
with suit. How is the case changed by the
fact stated by the plaintiff, that the threaten-
ings of the defendant to sue customers of his
tend to intimidate them and prevent them
from buying of him the article he claims to
make under his patent? The want of au-
thority in the court continues the same. Nor
is the plaintiff helped in this action by the
fact that in former actions between the same
parties this court has held the original patent,
of which the defendant's patent is a reissue,
to be invalid, for by the agreement between
the parties contained in the agreement of
compromise made in 1880 those adjudications
have been set aside, and that agreement
must, upon this motion, be treated as valid
and subsisting. The application therefore
stands upon the same ground as did the appli-
cation for an injunction in the case before
Judge Blatchford, already referred to, and
upon the authority of that case it must be
held that the court has no authority in this
stage of the controversy to grant the pre-
liminary injunction asked for. Motion de-
nied.

[See note to Case No. 10,963.]